UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH D., | Case No. 3:18-cv-05599-RBL-TLF |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | NOTED: JULY 19, 2019 |
| Defendant. | |

Keith D. has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons below, the undersigned recommends that the Court affirm defendant's decision to deny benefits.

PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance benefits and SSI in January 2012, alleging he became disabled as of December 31, 2005. Dkt. 15, Administrative Record (AR) 2363. (Plaintiff later amended his alleged onset date to March 1, 2006. AR 2363.) His application was denied at the initial and reconsideration levels of administrative review. *Id.* After

REPORT AND RECOMMENDATION - 1

a hearing, an administrative law judge (ALJ) issued an unfavorable decision in August 2014. *Id.* Plaintiff appealed, and this Court remanded based on the parties' stipulation. AR 2472.

After another hearing and a supplemental hearing, the ALJ issued another unfavorable written decision on March 29, 2018. AR 2363; AR 2391-2427 (hearing transcripts). The ALJ performed the five-step sequential analysis. AR 2366-82. He determined that there were jobs existing in significant numbers in the national economy that plaintiff could perform and therefore that plaintiff was not disabled during the relevant period. AR 2381-82. Plaintiff filed a complaint with this Court, seeking reversal and remand for an award of benefits.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

"If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "'[w]here there is conflicting evidence sufficient to support either outcome,'" the Court "'must affirm the decision

REPORT AND RECOMMENDATION - 2

actually made.'" *Id.* (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

ISSUES FOR REVEW

1. Did the ALJ err in failing to include additional vision limitations in plaintiff's residual functional capacity?

2. Did the ALJ provide adequate reasons to discount plaintiff's testimony?

DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. At step four of that process, the claimant's residual functional capacity (RFC) is assessed to determine whether past relevant work can be performed, and, if necessary, at step five to determine whether an adjustment to other work can be made. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). At step five, the Commissioner has the burden of proof, which can be met by showing a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(e), 416.920(e).

A.   Visual Impairments

Plaintiff contends that the RFC fails to adequately account for his visual impairments. He asserts that the ALJ failed to account for Dr. Klein's opinion that he has limited visual acuity "primarily in the right eye." *See* AR 2397-98, 2402. Dr. Klein found that plaintiff has advanced cataracts in the right eye, but that his visual acuity with glasses is "correctable," to 20/30 and 20/50. AR 2397-98, 2402. Plaintiff appears to contend that the ALJ should have incorporated a limitation for "near visual acuity," and that this would have precluded the only job he was found capable of. Dkt. 20, p. 5; *see* AR 2423-24.

Plaintiff does not identify any error in the ALJ's evaluation of his visual impairments.

The ALJ did not fail to incorporate Dr. Klein's opinions. The RFC provides that plaintiff

cannot work around hazards or in jobs that require depth perception, as Dr. Klein recommended. AR 2370, 2402. The RFC accounts for plaintiff's best corrected vision as Dr. Klein testified and the treatment records reflect. AR 2397-98, 2402, 3225-27; *see* AR 1581 (glasses effective). "Impairments that can be controlled effectively with medication"—or other treatment such as vision correction— "are not disabling for the purpose of determining eligibility for SSI benefits." *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Although plaintiff contends that his visual impairment would prevent him from performing the job of inspector and hand packager, that job requires only frequent "near acuity"; it does not require any "far acuity." Dictionary of Occupational Titles 559.687-074, Inspector and Hand Packager. Plaintiff does not identify any medical evidence that his near vision is impaired. He cites records that show he has myopia (impaired *far* acuity[1]) and cataracts. But these records support Dr. Klein's opinion, and the ALJ's finding, that plaintiff's vision impairments are correctable with glasses. *See* Dkt. 20, p. 5; AR 3019-3021, 3023-3025 (best corrected visual acuity 20/40-1 right and 20/25 left), 3225-3227 (best corrected visual acuity 20/50 right and 20/30 left), 3767 (eyepatch, "poor visual acuity"); *see also* AR 665, 1087, 1434, 1581 (myopia diagnoses).

In asserting that he also has limited near visual acuity, plaintiff notes that he has been diagnosed with glaucoma and myopia with astigmatism. Dkt. 25, p. 2; *see, e.g.*, AR 665, 1087, 1434, 1441, 1456, 1581. However, diagnoses alone do not show functional limitations. *See Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985) (mere diagnosis of an impairment does not show disability). The medical records plaintiff cites thus do not undermine the substantial evidence

---

[1] Myopia is defined as "nearsightedness"; nearsighted means "unable to see things clearly unless they are relatively close to the eyes." New Oxford American Dict. 1130, 1142 (2001).

REPORT AND RECOMMENDATION - 4

1 supporting the ALJ's finding that, with maximum correction, plaintiff's near vision is not
2 functionally limited.
3   Accordingly, plaintiff has not shown any error by the ALJ in incorporating his visual
4 limitations in the RFC.

B. <u>Plaintiff's Testimony</u>

Next, plaintiff challenges the ALJ's reasoning in rejecting his testimony about fatigue, shortness of breath, and limited vision. Plaintiff testified that he usually naps for an hour and a half to two hours in the afternoon, and if he does not he gets very tired. AR 2420-21.

In weighing a plaintiff's testimony, an ALJ must use a two-step process. First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). If the first step is satisfied and there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

Here, the ALJ gave three reasons for discounting plaintiff's testimony: that plaintiff's allegations of limitations are inconsistent with objective findings in the record, AR 2371-74; that plaintiff engaged in activities that are inconsistent with his allegations, AR 2378; and that plaintiff's statements in the record indicating that he wanted to return to work and believed he could do so also undermine his allegations, *id.*

The ALJ reviewed at length the treatment record for plaintiff's cardiac condition. AR 2371-74. This included generally unremarkable exam findings and indications that plaintiff was not severely limited by fatigue and shortness of breath. *See* AR 1408-09, 1510, 1513, 1572.

1  Plaintiff pursued a heart-valve replacement surgery against his provider's concerns, but
2  nonetheless recovered well. AR 1408, 1574, 2080.

3       Plaintiff apparently concedes that the record supports the ALJ's finding that plaintiff's
4  allegations of limitations from fatigue and shortness of breath are inconsistent with the objective
5  evidence; he contends instead that the ALJ could not reject plaintiff's symptoms solely on this
6  basis. *See* Dkt. 20, p. 7; Dkt. 25, p. 6 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th
7  Cir. 2006)).

8       The ALJ gave at least one other valid, supported reason to discount plaintiff's testimony,
9  however, in finding that plaintiff's activities undermine his testimony about fatigue and shortness
10 of breath. AR 2378. The record is detailed regarding how much plaintiff was able to walk and
11 when. *See* AR 702 (walking daily, March 2007), 1192 (walking 5 miles per day and swimming,
12 June 2012), 1408 (walking 2-3 miles per day, May 2012), 2225 (walking daily though stamina
13 poor, March 2014), 2664 (walking daily, stamina poor, March 2015), 3264 (walking 2 miles per
14 day without shortness of breath, December 2015). The ALJ could reasonably infer that the
15 consistent references in the record to walking undermined plaintiff's testimony that it takes him
16 about an hour to walk one and a half miles due to fatigue and shortness of breath and, more
17 broadly, his assertion that he cannot perform full-time light work requiring no more than two
18 hours of standing and walking per day. *See* AR 45. *See Reddick v. Chater*, 157 F.3d 715, 722
19 (9th Cir. 1998) (ALJ may reject testimony regarding limitations that are inconsistent with
20 plaintiff's level of activity); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (ALJ may
21 draw inferences "logically flowing from the evidence").

22      Plaintiff also asserts that "the ALJ failed to provide support in the record to reject
23 [plaintiff]'s allegations regarding his vision." Dkt. 20, p. 7. Without supporting argument, this

bare assertion of error does not raise an issue for review. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). It also lacks merit: The ALJ reviewed the record regarding plaintiff's treatment for visual impairment and cataracts and reasonably concluded that while "cataract surgery is recommended," plaintiff's "visual acuity is correctable," and that the RFC adequately accounted for plaintiff's impairments by providing that he cannot perform jobs requiring depth perception. AR 2374.

Because the ALJ thus provided clear and convincing reasons to discount plaintiff's testimony, the Court need not address the third reason he gave. *See Carmickle*, 533 F.3d at 1163 (ALJ's error in giving one reason to discount plaintiff's testimony is harmless if ALJ gives other, valid reasons). The ALJ did not err in discounting plaintiff's testimony.

## CONCLUSION

Accordingly, the undersigned recommends that the Court find the ALJ did not err in determining plaintiff to be not disabled, and therefore that it affirm the ALJ's decision to deny benefits.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **July 19, 2019**, as noted in the caption.

Dated this 11th day of July, 2019.

Theresa L. Fricke
United States Magistrate Judge